## Beach & Farmer v. Netherland.

1. A request to charge which is not adjustable to any correct theory of the evidence was properly refused.
2. There was no error in denying a new trial.　　　*Judgment affirmed.*

November 27, 1893.

Levy and claim. Before Judge McWhorter. Burke superior court. May term, 1893.

An execution from a judgment of June 13, 1892, against Netherland, was levied, November 15, 1892, on certain property which was claimed by Mrs. Netherland, the wife of the defendant in execution. The jury found for claimant, and the plaintiffs excepted to the refusal of a new trial. The claimant introduced a bill of sale to her from her husband, dated December 4, 1891, reciting a consideration of $780.80, covering all the personal property of the husband which was on the plantation owned by her and where they resided. The paper contains the following:

" This bill of sale is intended to cover all personal property owned by the said W. P. Netherland on the plantation aforesaid, and is sold subject to a crop mortgage and a bill of sale on said personal property given by said W. P. Netherland to Wilkins, Neely & Jones, to wit, a bill of sale dated Feb'y 2d, 1891, and a crop mortgage dated October 30th, 1891, both of which are recorded in the clerk's office, Burke county. The payment of this balance due said Wilkins, Neely & Jones, about $400.00 more or less, on said bill of sale and mortgage, which balance has been assumed by said Mary J. Netherland, is hereby made a part consideration of this bill of sale, in addition to the consideration first above mentioned. The property hereby conveyed is mine and subject to no other incumbrance than those above mentioned."

Netherland, the defendant in execution, testified: "I owed my wife $200 insurance money she got on her father's life and let me have it; and then I rented out some of her land to tenants and collected the rents, and she let me have the money. All these amounts aggregated the sum of $780.80. And then she took up the amount I was owing to Wilkins, Neely & Jones, of $400; and these amounts are the consideration of this bill of sale. It was not made to defraud any one, but was a *bona fide* debt I was due my wife. I conveyed to her all the property I owned. I remember Mr. Farmer

coming to see me before the time this suit was begun, and I told him if he pressed me I would make over all my property to my wife, as I. owed her and Wilkins, Neely & Jones, both, and that would have to be paid. I deny positively that I ever told Mr. Farmer that I didn't owe my wife but would owe her if he pressed me. On the contrary, I distinctly told him that I did owe her at that time. [Witness testified to the various items of indebtedness, consisting of money loaned, rents collected and appropriated to his use, etc., which make up the total of $780.80 named as the consideration of the bill of sale.] I gave my wife due-bills for the money borrowed and for the rents appropriated. The property conveyed by the bill of sale is not worth exceeding the sum of $780.80 named as the consideration, and not that much." J. R. Roberson testified: " Mrs. Netherland is my sister. I know of her letting her husband have the $200 insurance money. I also know that her husband rented out the land she was in possession of, and he kept the rents and used them for himself. She was in possession of this land before my father's death in 1886, and part of this rent is for that time. Netherland rented the land in his own name and took the rent notes to himself, but he gave his wife due-bills for the rent after he would collect it. Since our father's death Mrs. Netherland has retained the land the same as before, and Mr. Netherland has appropriated the rents." L. R. Farmer testified: " Went to see Netherland about the time this suit was filed, and he threatened if I sued him he would sell out to his wife. I talked with him some time, and asked him if he owed his wife. He said, no, but he would let her take up Wilkins, Neely & Jones' debt, and he would owe her then, as they held a mortgage and it must be paid."

The motion for new trial alleges that the verdict is contrary to law and evidence; that the court erred in

allowing the claimant to introduce the bill of sale over objection of plaintiff's consel; and that the court erred in refusing to give the following charge to the jury: "If you believe from the evidence that the only real consideration in the bill of sale from W. P. Netherland to his wife was the $400 paid Wilkins, Neely & Jones, then this is a void consideration and cannot alone support the bill of sale, it being conceded that the other named consideration of said bill of sale was more than the value of the property covered thereby."

PHILLIPS & PHILLIPS, for plaintiffs.
JOHNSTON & BRINSON, by brief, *contra*.